UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Shawn Drew,

    Petitioner,

v.                                                              Case No. 2:10-cv-301

Warden, Warren Correctional                 Judge Michael H. Watson
Institution,                                                 Magistrate Judge Kemp

    Respondent.

## OPINION AND ORDER

On December 16, 2010, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant motion to vacate under 28 U.S.C. § 2254 be dismissed. ECF No. 21. Petitioner's objections were due within fourteen days but none were filed within that time frame. As a result, the Court adopted the Report and Recommendation on January 27, 2011, and closed the case. ECF No. 23. On February 4, 2011, Petitioner filed his objections to the Report and Recommendation and filed an additional document captioned "motion for relief after judgment and/or for reconsideration." ECF Nos. 25, 26. It is to this latter filing that the Court will turn first.

### I. PETITIONER'S MOTION FOR RELIEF

In his motion for relief, which is addressed to the Court's order affirming and adopting the Report and Recommendation, Petitioner asserts that he "deposited into the prison mailbox his objections to the Report and Recommendation (R&R) on or about December 29, 2010." According to Petitioner, when, after nearly a month, he had not received a time-stamped copy, he mailed his objections again but with the

assistance of another prisoner using that prisoner's name on the outgoing envelope. Petitioner explains that he took this step because he suspected that his mail was not going out under his own name. Petitioner contends that he "was taken by absolute surprise when he received Doc. 23 adopting and affirming the R&R" and claims that there is "no fault attributable to Petitioner." Petitioner also requests that, if the Court has not received the second copy of his objections, the Court establish "a method" to allow him to file his objections. Based on Petitioner's representations, the Court will construe his motion as one made pursuant to Fed. R. Civ. P. 60(b)(1).

Rule 60(b)(1) enables a court to relieve a party from a final judgment or order in cases of "mistake, inadvertence, surprise, or excusable neglect . . . ." Excusable neglect within the meaning of Rule 60(b)(1) has been explained as follows:

> [t]he courts have defined "neglect" to include "'late filings caused by mistake, inadvertence, or carelessness, as well as intervening circumstances beyond the party's control.'"

*Santiago v. Hurly*, No. 2:05-CV-560, 2006 WL 3196295, at *3 (S.D. Ohio Nov. 2, 2006) (Sargus, J.) (quoting *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 386 (6th Cir. 2001)). Rule 60(b)(1) itself does not define "excusable neglect" but courts balance the following factors in making a determination: "(1) the danger of prejudice to the other party, (2) the length of delay, (3) its potential impact on judicial proceedings, (4) the reason for the delay, and (5) whether the movant acted in good faith." *Id.*; *see also Pioneer Invest. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 388 (1993); *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006).

As noted above, Petitioner's objections to the Report and Recommendation were filed on February 4, 2011. This filing date is consistent with the explanation offered by

Petitioner in his motion that he mailed the first copy of his objections on December 29, 2010, and then mailed a second copy after approximately a month had passed without his having received a time-stamped copy from the Court. The certificate of service on the objections states that they were mailed on December 29, 2010. Further, the motion for reconsideration was filed within eight days of judgment having been entered in this case. Based upon this information, the Court will presume that Petitioner's representations in his motion are correct. Further, the delay in this case has not been lengthy and there is nothing in the record that suggests that Petitioner is not acting in good faith. Finally, Respondent will not suffer any prejudice if the Court considers the Petitioner's objections.

In light of the above, Petitioner's motion for reconsideration will be granted and the Court will treat Petitioner's objections as timely filed. The final judgment dismissing Petitioner's habeas corpus petition entered on January 27, 2011, will be vacated. However, for the reasons set forth below, and after a *de novo* review of the objections, the Court will overrule the objections and adopt the recommendation to dismiss this case.

## II. BACKGROUND

According to the exhibits attached to the Return of Writ, Petitioner was found guilty by a jury on four counts of rape, two counts of abduction, and one count of felonious assault. He was sentenced to fifty-eight years in prison.

In his petition, Petitioner raised five claims. First, Petitioner asserted that he was deprived of his rights to a fair trial, due process, and to confront witnesses. Further, he contended that he was deprived of his rights to a fair trial and due process when the

trial court allowed the prosecutor to introduce inadmissible evidence. Additionally, Petitioner claimed that his *Miranda* rights and his right to counsel were violated by unlawful interrogation practices. Finally, Petitioner asserted that he was denied his right to effective assistance of both trial and appellate counsel. By separate motion, Petitioner requested copies of the recorded interview with the victim.

### III. THE REPORT AND RECOMMENDATION

The Report and Recommendation denied Petitioner's request for discovery relating to tape recorded interviews of the victim on the ground that Petitioner was unable to demonstrate good cause under Rule 6(a) of the Rules Governing Section 2254 Cases. Further, with respect to Petitioner's first two claims relating to the denial of his right to due process and a fair trial, the Magistrate Judge concluded that Petitioner had waived his right to present these claims because he had not presented them on direct appeal as federal constitutional claims. Additionally, the Magistrate Judge found the portion of Petitioner's fourth claim relating to a violation of his right to counsel in connection with his interrogation to be procedurally defaulted. Finally, the Magistrate Judge found that Petitioner's remaining claims failed on their merits.

### IV. THE OBJECTIONS

When objections are received to a Magistrate Judge's Report and Recommendation on a dispositive matter, the assigned District Judge "shall make a de novo determination ... of any portion of the magistrate judge's disposition to which specific written objection has been made . . . ." Fed. R. Civ. P. 72(b). After review, the District Judge "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id; see also*

28 U.S.C. § 636(b)(1)(B). General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Secretary of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

The provisions of the Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 ("AEDPA") govern the scope of this Court's review. *See Penry v. Johnson*, 532 U.S. 782, 791 (2001); *Wilson v. Parker*, 515 F.3d 682, 691 (6th Cir. 2008). AEDPA imposes a "highly deferential standard for evaluating state-court rulings," *Lindh v. Murphy*, 521 U.S. 320, 333, n.7 (1997), and "demands that state-court decisions be given the benefit of the doubt," *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam). *Renico v. Lett*, 130 S.Ct. 1855, 1862 (2010) (footnote omitted).

When the claims presented in a habeas corpus petition have been presented to and decided by the state courts, a federal habeas court may not grant relief unless the state court's decision was contrary to or an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts in light of the evidence that was presented. 28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As the Supreme Court has explained, "an unreasonable application of federal law is different from an incorrect application of federal law." *Williams v. Taylor*, 529 U.S. 362, 410 (2000); *see also Harbison v. Bell*, 408 F.3d 823, 829 (6th Cir. 2005). Indeed, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, that application must be "objectively unreasonable." *Id.* at 409. This distinction creates "a substantially higher threshold" for obtaining relief than de novo review. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

## A. State's Exhibit 2

Petitioner initially asserts that his due process rights were violated in connection with this habeas proceeding because he did not receive a copy of State's Exhibit 2, a CD recording of Petitioner's interview by Detective Philips, filed by Respondent. He also suggests that he requested an extension of time to review this CD before filing his reply but that his request was denied. Petitioner has attached to his objections a "notice/motion of Petitioner" which states that he had not received a copy of the CD. This document contains a certificate of service stating that it was mailed to the Court on November 23, 2010. Because this objection raises preliminary issues unrelated to Petitioner's more substantive objections, the Court will address it first.

In response to Petitioner's representation that he did not receive a copy of the exhibit, on February 7, 2011, Respondent filed a notice confirming that representation and stating that, on August 6, 2010, "a copy of the CD with an accompanying letter explaining the purpose of sending the CD" and requesting that "Petitioner [] be

permitted to review the CD" was sent to the Warden's Assistant at the Warren Correctional Institution. See Resp't's Notice Regarding State's Ex. 2, ECF No. 27. Further, Respondent states that, following the receipt of Petitioner's filings of February 4, 2011, Respondent made an inquiry to the Warren Correctional Institution and learned that the CD was received and placed in a file but not provided to the Petitioner for his review. Additionally, Respondent states that, following this inquiry, the CD was provided to Petitioner on February 7, 2011. The certificate of service attached to the notice indicates that a copy of the notice was served on Petitioner.

The Court's review of the docket reveals the following. Respondent moved for leave to file State's Exhibit 2 on July 23, 2010. ECF No. 12. The certificate of service indicates that a copy of this motion was served upon the Petitioner. The Court granted the motion for leave by order dated August 3, 2010, and a copy of this order was mailed to Petitioner. ECF No. 13. On August 10, 2010, Respondent filed State's Exhibit 2 with an accompanying notice which stated that a copy of the CD was mailed to prison authorities for Petitioner's use. ECF No. 14. The certificate of service attached to the notice indicates that it was served on the Petitioner.

Based on the above, Petitioner had knowledge of Respondent's intention to file State's Exhibit 2 as early as July 2010. However, neither of his requested extensions of time asserted his failure to receive a copy of the exhibit as grounds for an extension. Rather, on October 13, 2010, Petitioner filed an untimely motion for an extension of time to file a reply asserting that his access to the law library was limited to "approximately one hour and fifteen minutes a week" and "[b]ased upon the present scheduling [he] would not be able to have his REPLY/TRAVERSE completed until at

least the middle of November . . . ." *See* Pet'r's Mot. Extension Time, ECF No. 16. This request for an extension was granted by order dated October 22, 2010, and Petitioner was given until November 15, 2011, to file his reply. ECF No. 19. On November 16, 2011, in his reply in support of his "motion for order to include recordings of [the alleged victim]," ECF No. 20, Petitioner requested an extension of time to file "his traverse/reply" to enable him to incorporate the information contained in the alleged recordings of the victim. This request for an extension of time was denied in the Report and Recommendation because it was untimely and because Petitioner's request for any recordings of the victim, construed as a discovery request, was denied. ECF No. 21.

The first and only time the Court's docket reflects that Petitioner raised the issue of his failure to receive a copy of the exhibit was in his objections to the Report and Recommendation. While Petitioner has now submitted a document purporting to indicate that he brought this issue to the Court's attention in November 2010, the docket reflects otherwise. Further, Respondent has represented that Petitioner was provided a copy of the exhibit on February 7, 2011. Significantly, Petitioner has not disputed Respondent's most recent representation on this issue nor has Petitioner moved for leave to supplement his objections to raise any issue based on the contents of the exhibit. Further, and perhaps most importantly as will be discussed in more detail below, Petitioner's claims did not raise any challenge to the state appellate court's factual findings relating to the contents of State's Exhibit 2. In light of this, any objection Petitioner has stated relating to either his failure to receive a copy of the exhibit or the Magistrate Judge's denial of an extension of time to obtain a copy is without merit.

## B. Denial of discovery request

An additional preliminary matter arises from Petitioner's objection to the Magistrate Judge's denial of his request for copies of recordings of interviews with the victim which, Petitioner claims, would have demonstrated that the victim was lying. This request was construed by the Magistrate Judge as a discovery request and denied on the ground that Petitioner had not met the good cause requirement set forth in the Rules Governing Section 2254 Cases in the United States District Courts. The Magistrate Judge relied on Rule 6(a) which provides:

> A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure, if and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.

As explained by the Magistrate Judge:

> Under this "good cause" standard, a district court should grant leave to conduct discovery in habeas corpus proceedings only "'where specific allegations before the court show reason to believe that the Petitioner may, if the facts are more fully developed, be able to demonstrate that he is . . . entitled to relief . . . .'" *Bracy*, 520 U.S. at 908–909 (quoting *Harris*, 394 U.S. at 300). *See also Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001), *rehearing en banc denied*, Nov. 29, 2001.
>
> The burden of demonstrating the materiality of the information requested is on the moving party." *Stanford*, 266 F.3d at 460. Rule 6 does not "sanction fishing expeditions based on a Petitioner's conclusory allegations." *Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997); *see also Stanford*, 266 F.3d at 460. "Conclusory allegations are not enough to warrant discovery under [Rule 6]; the Petitioner must set forth specific allegations of fact." *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994).

Report and Recommendation 2, ECF No. 21.

The focus of Petitioner's objection appears to be that these recordings were

necessary to show that the victim's original allegations related only to physical abuse but that, after being "coached" during her meeting with a police detective, she changed her allegations to include sexual abuse—presumably in an effort to ensure that Petitioner received a harsher sentence. In support of his position, Petitioner has submitted as an exhibit a one-page document which he asserts is the original witness statement from the victim and which does not contain allegations of sexual assault.

The Court agrees with the Magistrate Judge's finding that Petitioner's allegations of the victim's lying were not enough to warrant the granting of his discovery request. Petitioner asserts that the victim's delay in reporting sexual abuse indicates that her allegations of this abuse were fabricated. The issue of her delay in reporting the sexual abuse was addressed at trial. On cross-examination Petitioner's counsel questioned both the victim and the police detective at length about the circumstances and timing surrounding her allegations of sexual assault. *See* Transcript, at 277–282, 432–443. Petitioner's counsel also raised the issue of the detective's influence over the victim in closing argument. Tr. at 578-579. The jury chose to believe the victim's explanation of her delay in reporting.

In essence, the basis for Petitioner's discovery request is that the victim was not a credible witness. However, "'[i]t is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony. As assessment of the credibility of witnesses is generally beyond the scope of federal habeas review of sufficiency of evidence claims.'" *Ramsey v. Berghuis*, No. 07-13563, 2009 WL 3199862, at *9 (E.D. Mich. Sept. 30, 2009) *(quoting Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003)). Further, to the extent that the Petitioner may have set forth

any sufficiency of the evidence claim (and it is not clear that he did), "'attacks on witness credibility are simply challenges to the *quality* of the government's evidence and not to the sufficiency of the evidence.'" *Id.* (quoting *United States v. Adamo*, 742 F.2d 927, 935 (6th Cir. 1984)). Under this circumstance, the Court does not believe that allowing Petitioner's requested discovery would enable him to demonstrate that he is entitled to habeas relief. *See Bracy, supra.* Consequently, Petitioner's objection on this issue will be overruled.

## C. Ineffective Assistance of Counsel Claim

While Petitioner has captioned his objection as merely "Ineffective Assistance," the objection itself discusses only the conduct of trial counsel as raised by the petition. The objection does not mention the actions of appellate counsel. Consequently, the Court construes this objection as directed solely to the Magistrate Judge's conclusion that Petitioner's right to the effective assistance of trial counsel was not violated. The focus of Petitioner's claim, as explained in the memorandum in support of the petition, was that trial counsel failed to object to certain evidence which Petitioner perceived as improper. According to the petition, this evidence included "evidence impeaching Petitioner on an inadmissible collateral matter and arguing that it had scientific evidence proving Petitioner was lying and that the alleged victim . . . was telling the truth, . . . other unrelated bad act evidence to show that Petitioner is a thief who associates with violent and dangerous people, . . . improper character evidence to suggest that Petitioner was mentally unbalanced and paranoid and therefore more like[ly] to commit the crimes alleged, . . . [and] evidence from the investigating detective that Petitioner was lying and that [the victim] was telling the truth." *See* Mem. Supporting Pet. Habeas

Corpus, ECF No. 2.

The Magistrate Judge, in concluding that the state appellate court did not unreasonably apply federal law, relied on *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under *Strickland,* a Petitioner must show "there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different." *Id.* at 694. The Magistrate Judge found:

> Petitioner has not shown that any of the objections he asserts should have been made by counsel would have been found meritorious by the Ohio courts, and in fact, the Court of Appeals found that all of the matters which Petitioner claims his counsel should have objected to—with one exception—involved the eliciting of admissible evidence. To the extent that Petitioner asserts that his counsel's failure to object to Detective Phillips' testimony regarding his mental state constitutes ineffectiveness, Petitioner has not demonstrated the impropriety of the state appellate court's finding that the admission of this testimony was harmless. As discussed in the portion of the Court of Appeals' decision quoted above, that evidence consisted of the detective's observations—based on things Petitioner told him during their interview—that Petitioner was "agitated" and sounded "paranoid." There is no reasonable probability that this statement influenced the outcome of the trial, especially when the victim herself had already given similar testimony. Further, no one could view this statement as evidence that Petitioner actually suffered from a mental disease. As a result, Petitioner has failed to show that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. *Strickland, supra*.

Report and Recommendation 35–36, ECF No. 21.

In his objection, Petitioner does not specifically address the Magistrate Judge's conclusion. Rather, Petitioner argues that "trial counsel failed to conduct a meaningful investigation" and that "the 'chain of custody" was breached. Further, Petitioner questions the credibility of the company used to test the victim's hair. In short, Petitioner claims that his counsel failed to pursue "an adversarial testing of the State's case."

Petitioner's failure to make specific objections addressed to the Magistrate Judge's findings on this issue, may, on its own, preclude the Court's consideration of the objection and, therefore, constitute grounds for denying this objection. *See Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Additionally, while these allegations are encompassed under the broad heading of ineffective assistance of counsel, they present new issues not previously raised by Petitioner in conjunction with his ineffective assistance claim either in the state courts or in his habeas petition. A petitioner cannot raise in his objections to a Report and Recommendation issues that were not previously raised. *McCoy v. Warden, Chillicothe Corr. Inst.,* No. 1:07cv474, 2008 WL 2594152, at *3 (S.D. Ohio June 27, 2008); *see also* 28 U.S.C. §§ 2254(b), (c); *Rhines v. Weber,* 544 U.S. 269, 274 (2005).

Finally, assuming Petitioner's objections relating to his ineffective assistance of trial counsel claim are properly before this Court, they fail for the very same reasons noted by the Magistrate Judge in the Report and Recommendation. That is, Petitioner has failed to demonstrate that, but for counsel's alleged errors, the result of the proceedings would have been different. Consequently, for all of the above reasons, this objection will be overruled.

### D. *Miranda* Claim

In his petition, Petitioner claimed that he did not voluntarily waive his *Miranda* rights during his interrogation by Detective Phillips because he was not given a full *Miranda* warning either at the outset or later and that he was questioned without counsel. Petitioner's objection relates solely to portion of his claim relating to the voluntariness of his waiver. On this issue, the Magistrate Judge concluded as follows.

> Again, upon review of the record the Court is not persuaded that the [appellate court's] factual findings warrant federal habeas review. 28 U.S.C. § 2254 (d), (e). The State court's decision is generally consistent with the governing principles applied in determining whether a voluntary waiver of a defendant's *Miranda* rights has occurred. The totality of the circumstances surrounding the Petitioner's interrogation indicate his level of comprehension of the nature of the interview and the voluntariness of his waiver of his rights. As with his other claims, Petitioner has presented nothing to contrary, choosing instead to simply rely on the same argument rejected by the state appellate court.
>
> There might be some colorable issue here if any of Petitioner's statements made during the first portion of his conversation with Detective Phillips were not repeated after he waived his rights or were more prejudicial than statements he made later. *Miranda* is, after all, designed to be a "bright-line" rule, and the failure to give all of the required warnings is a violation of that rule. *See Arizona v. Roberson*, 486 U.S. 675 (1988); *see also Dickerson v. United States*, 530 U.S. 428 (2000). However, the Court agrees that, on this record, Petitioner was not harmed by the admission of any statements he made (if, in fact, any of them were admitted) prior to the administering of the full set of *Miranda* warnings.

Report and Recommendation 45–46, ECF No. 21.

As with his ineffective assistance of counsel claim, Petitioner does not specifically object to any of the Magistrate Judge's reasoning on this issue. Rather, the gist of Petitioner's objection appears to be that a competency examination should have been ordered to determine his ability to voluntarily waive his *Miranda* rights. This objection suffers from the same deficiencies as the objection relating to Petitioner's ineffective assistance of trial counsel claim—it does not specifically address the Magistrate Judge's reasoning or conclusion and it raises a new issue. Further, Petitioner has failed to persuade the Court that his failure to be afforded a competency examination undermines the state court's factual findings. For all of these reasons, this objection will be overruled.

### E. Remaining Claims

Petitioner has not specifically objected to the recommendations relating to his remaining claims. As noted above, the Court need not address issues in a Magistrate Judge's Report and Recommendation if no specific objections to those issues have been raised. See *Smith, supra*.

## V. CERTIFICATE OF APPEALABILITY

Petitioner requests a certificate of appealability in the event his petition is denied. When a claim has been denied on the merits, a certificate of appealability may issue only if the Petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel*, 529 U.S. 473, 489 (2000). To make a substantial showing of the denial of a constitutional right, a Petitioner must show

> that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" *Barefoot*, 463 U.S. at 893 and n.4.

*Id.*

The record fails to reflect that reasonable jurists would debate whether Petitioner's claims should have been resolved differently. As discussed above, there is no merit to Petitioner's claim that he was denied the effective assistance of trial counsel or suffered a violation of his *Miranda* rights. Consequently, Petitioner's request for a certificate of appealability will be denied.

## VI. DISPOSITION

As set forth above, Petitioner's motion for relief from judgment, ECF No. 26, is **GRANTED** and the final judgment entered on January 27, 2011, ECF Nos. 23, 24, is **VACATED**. Further, for the reasons cited above, Petitioner's objections are **OVERRULED**. The Magistrate Judge's Report and Recommendation, ECF No. 21, is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**. Petitioner's request for a certificate of appealability is **DENIED**.

IT IS SO ORDERED.

_____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**