UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Shawn Drew,

    Petitioner,

v.                                                                                  Case No. 2:10–cv–301

Warden, Warren Correctional,                           Judge Michael H. Watson
Institution,                                                              Magistrate Judge Kemp

    Respondent.

## OPINION AND ORDER

On April 8, 2011, final judgment was entered dismissing the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is now before the Court on Petitioner's May 3, 2011 motion for reconsideration. For the reasons that follow, the Petitioner's motion, ECF No. 32, will be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.

Although the Petitioner does not frame his motion for reconsideration in terms of Federal Rule of Civil Procedure 60(b), the Court will construe his motion as one for relief from a final judgment or order under Rule 60(b). Consequently, the Court must first address whether Petitioner's motion may properly be considered under Rule 60(b), or whether the motion must be transferred to the United States Court of Appeals for the Sixth Circuit as a successive petition. The Supreme Court in Gonzalez v. Crosby, 545 U.S. 524 (2005), held:

> In some instances, a Rule 60(b) motion will contain one or more "claims." For example, it might straightforwardly assert that owing to "excusable neglect," Fed. R. Civ. P. 60(b)(1), the movant's habeas petition had omitted a claim of constitutional error, and seek leave to present that claim. Cf.

*Harris v. United States*, 367 F.3d 74, 80–81 (2d Cir. 2004) (petitioner's Rule 60(b) motion sought relief from judgment because habeas counsel had failed to raise a Sixth Amendment claim). Similarly, a motion might seek leave to present "newly discovered evidence," Fed. R. Civ. P. 60(b)(2), in support of a claim previously denied. *E.g., Rodwell v. Pepe*, 324 F.3d 66, 69 (1st Cir. 2003). Or a motion might contend that a subsequent change in substantive law is a "reason justifying relief," Fed. R. Civ. P. 60(b)(6), from the previous denial of a claim. *E.g., Dunlap v. Litscher,* 301 F.3d 873, 876 (7th Cir. 2002). Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly. *E.g., Rodwell, supra,* at 71–72; *Dunlap, supra,* at 876.

We think those holdings are correct. A habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a "habeas corpus application," at least similar enough that failing to subject it to the same requirements would be "inconsistent with" the statute. 28 U.S.C. § 2254 Rule 11. Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction—even claims couched in the language of a true Rule 60(b) motion—circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts. § 2244(b)(2). . . . [A] Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." In addition to the substantive conflict with AEDPA standards . . . use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar. § 2244(b)(3).

In most cases, determining whether a Rule 60(b) motion advances one or more "claims" will be relatively simple. A motion that seeks to add a new ground for relief, as in *Harris, supra,* will of course qualify. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim on the merits,[FN4] since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief. That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.

> FN4. The term "on the merits" has multiple usages. *See, e.g., Semtek Int'l Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 501-503, 121 S.Ct.

> 1021, 149 L.Ed.2d 32 (2001). We refer here to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d). When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim. He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.

*Gonzalez v. Crosby, supra,* 545 U.S. at 530–32 (footnote 5 omitted). The *Gonzalez* Court then held that Petitioner's Rule 60(b) motion, which challenged the district court's application of the statute of limitations was properly considered under Rule 60(b), rather than as a successive petition because it simply challenged the correctness of the district court's earlier dismissal of the petition on limitations grounds. *Id.* at 533.

Here, in his motion, Petitioner asserts that the contents of State's Exhibit 2, a CD recording of one of Petitioner's interviews with Detective Phillips, demonstrates that Petitioner's *Miranda* rights were violated during that interview. According to Petitioner, the contents of the CD reveal two things—that Detective Phillips did not inquire about the sexual crimes of which Petitioner ultimately was convicted and that Detective Phillips used coercive language when Petitioner invoked his right to counsel. This particular conduct of Detective Phillips during the interview which Petitioner now contends violated his *Miranda* rights is conduct different from that raised by Petitioner either in Claim Four of his petition before this Court or before the state appellate court.

In Claim Four of his petition, Petitioner argued that he did not knowingly, voluntarily and intelligently waive his rights because he did not receive a *Miranda*

warning until 25 minutes into the interview process. Intertwined with this *Miranda* argument was Petitioner's assertion that his Sixth Amendment right to counsel was violated when he was interviewed outside of his attorney's presence. This Court found any Sixth Amendment claim to have been procedurally defaulted based upon the state appellate court's specific finding that Petitioner had waived that issue for purposes of appeal. *See* Report and Recommendation at 16, ECF No. 21, *affirmed by* Opinion and Order, ECF No. 28. However, the Court considered the merits of Petitioner's claim of a delay in his receipt of a *Miranda* warning. In denying this claim, the Court noted that Petitioner did not present any challenge to the state appellate court's factual findings on this issue and held that the state court's decision was "generally consistent with the governing principles applied in determining whether a voluntary waiver of a defendant's *Miranda* rights has occurred." *Id.* at 44.

As noted above, in his current motion, Petitioner seeks to raise new grounds for relief not presented in his petition with respect to his *Miranda* claim. In fact, the allegation that Detective Phillips used coercive language was not raised by Petitioner even at the state level. As the state appellate court specifically noted with respect to the claimed *Miranda* violation, "appellant does not allege intimidation, coercion, or deception." *See* Report and Recommendation at 42, ECF No. 21. Likewise, the issue that sex crimes were not among the crimes that Detective Phillips informed Petitioner would be addressed during the interview was not raised in the petition in connection with the *Miranda* claim. At most, this claim seems to relate tangentially to a theory raised in Petitioner's unsuccessful discovery request suggesting that late and fabricated allegations of sexual abuse were made by the victim as a result of Detective Phillips'

coaching. Because there can be no question that Petitioner's motion for reconsideration raises new claims, it constitutes a successive petition under *Gonzalez v. Crosby, supra.*

28 U.S.C. § 2244(b)(3)(A) states that before a second or successive petition for a writ of habeas corpus can be filed in the district court, the applicant shall move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition. *Nelson v. United States*, 115 F.3d 136 (2d Cir. 1997); *Hill v. Hopper*, 112 F.3d 1088 (11th Cir. 1997). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the United States Court of Appeals for the Sixth Circuit. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (*per curia*). Under § 2244(b)(3)(A), only a circuit court of appeals has the power to authorize the filing of a successive petition for writ of habeas corpus. *Nunez v. United States*, 96 F.3d 990 (7th Cir. 1996).

That being the case, this Court is without jurisdiction to entertain a second or successive § 2254 petition unless authorized by the Court of Appeals for the Sixth Circuit. The Sixth Circuit, in turn, will issue this certification only if Petitioner succeeds in making a *prima facie* showing either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to

cases on collateral review; or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty. 28 U.S.C. § 2244(b)(2).

The Sixth Circuit described the proper procedure for addressing a second or successive petition filed in the district court without § 2244(b)(3)(A) authorization in *In re Sims, supra.*

> [W]hen a prisoner has sought § 2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.

*Id.* at 47; *see also Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996) (per curiam). Consequently, Petitioner's motion will be transferred to the United States Court of Appeals for the Sixth Circuit as a successive petition.

Finally the Court notes that, even if Petitioner's motion were properly considered under Rule 60(b), he would not be entitled to relief under any of its provisions. For example, to the extent Petitioner's motion might be read as suggesting that he only became aware of new claims once he listened to the exhibit and that, as a result of the documented delay in his receipt of the CD he has somehow demonstrated excusable neglect under Rule 60(b)(1), the record in this case demonstrates otherwise. Similarly, the Court does not view Petitioner's motion as asserting any other grounds for relief under any other arguably applicable provision of Rule 60(b).

As discussed at length in the Court's Opinion and Order adopting the Report and

Recommendation, Petitioner had knowledge of respondent's intention to file the exhibit as early as July, 2010, and of its filing on August 10, 2010.  Further, although Petitioner was granted at least two extensions of time for filing his reply, these extensions were never requested on grounds that Petitioner had not received a copy of the exhibit.  In fact, the first and only time Petitioner raised the issue of his failure to receive a copy was in his objections to the Report and Recommendation.  Immediately upon receipt of this information, respondent took corrective action and represented to the Court that Petitioner was provided a copy on February 7, 2011.  Petitioner did not challenge this representation nor, at any time between that date and the issuance of the Court's order on April 8, 2011, did Petitioner move for leave to supplement his objections or request any extension of time in which to do so.  In short, Petitioner allowed a nearly ten-month lapse between his first knowledge of the filing of State's Exhibit 2 and his current motion, and a three-month lapse between his undisputed receipt of the exhibit and his current motion.

Moreover, as noted above, in the petition, Petitioner had not raised any specific challenge to the state appellate court's factual findings relating to the exhibit's contents.  A cursory review of the current motion indicates that this remains the case.  That is, even following Petitioner's opportunity to listen to the CD, his motion contains only generalities and fails to challenge specifically any of the state appellate court's factual findings.  For example, while Petitioner claims that Detective Phillips used "coercive" language, he fails to identify any specific language or any mischaracterization of such language by the state appellate court.  Under these circumstances, the Court could not conclude that Petitioner demonstrated excusable neglect as contemplated by Rule

60(b)(1). Further, Petitioner has not established that the exhibit constitutes newly discovered evidence, that respondent engaged in misconduct with respect to the exhibit, or any other reason as may be sufficient to permit the Court to afford relief under Rule 60(b)(2), (3), or (6).

For these reasons, it is **ORDERED** that Petitioner's Rule 60(b) motion be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**